Final matter of Russell v. City of Philadelphia May it please the court my name is Matthew Weisberg I represent the appellant. Keep your voice up please. I'm sorry yeah I'm sorry I'll speak up louder. May it please the court my name is Matthew Weisberg I represent the appellants. I'd like to note of a procedural matter which is that in the below matter Campbell the co-plaintiff had settled out and been dismissed. Just last week Sadowski had settled out and we will ask for his dismissal upon the receipt of the signed release. So we're here just on Russell who's now the sole appellant in what we've limited to a Title VII retaliation claim. The district court below held that the EEO. What did the district court do that was wrong? What the district court did below that was wrong was refused to review the record. Well did you tell him where to look? Yes and in fact so did the appellee. Can you show us in the submission to the district court will you point to the district court's attention to the record other than the EEOC letter? And beyond just saying it's in the depositions? Well in the first instance I will answer your question. In the first instance I believe the court even if a motion for summary judgment is not responded to can deem pursuant to local rule statements of unconfessed fact admitted but cannot disregard the record. I believe pursuant to local rule the district court can even if a motion for summary judgment is uncontested or not not responded for that matter the district court must still make a record review an independent analysis as to whether or not summary judgment should be granted. Without that motion for summary judgment telling the district court where in the record the deposition of the testimony of the evidence is there to support the motion? Did you oppose the motion? Yes the motion was opposed. Right but but but you know I mean I was a district judge for six years and when there was opposition to a motion for summary judgment there was specific argument as to the facts in the depositions and the answers to interrogatories in documents that indicate an issue of fact exists and and as you said in the beginning let's give us some specifics on what you referred to. In the statement of disputed facts on page 113 of the appendix we have line 2 I'm sorry paragraph 2 F asking Russell several times if she was married and that cites D 548 which is not the EEOC opinion asking Russell about whether she preferred being fixed D 548 that's her deposition or what? Yes. That does cite to the EEOC charge. I'm thinking back I mean it should have been but notwithstanding that. Well you're a lawyer I mean it's up to you to know the rules of procedure to protect the interests of your client. Correct but I don't believe that the EEOC complaint itself can be disregarded. Why can't it what law for this purpose anyhow? Right. What are you relying upon for saying that it shouldn't be disregarded when there's nothing in the record cited other than that? We cite two opinions in page 19 of our brief lower court opinions District of Delaware and Eastern District of Pennsylvania where the EEOC complaint itself was evidence of the protected activity that may form a basis for the protected. Are you disputing protected activity? That's the issue. Well to the court's point the circumstances underlying were a little bit as you can see from the docket unusual in that the motion for summary judgment was filed without a record and then the response was filed without a record and then the would argue would be moving to burden to have produced that record at the time for us to respond to not and this isn't to say that we didn't have the record we had the record but the record was not before the district court. The court would have said specifically as far as plaintiffs and so forth, that that was going to be disputed by statute to get rid of that? That's correct your honor. And they did so? And plaintiffs did not do so completely. What do you mean they they didn't do so completely? They didn't cite this certain other than what I've mentioned certain that deposition testimonies and so forth that said the EEOC charge and the formal finding by the EEOC of cause and was more than just a vague boilerplate there was discrimination there was retaliation it was very detailed. I don't I don't follow what you're saying you say you say that the plaintiffs assertions in their motion were not entirely verified by reference to the record or what? I don't yeah I would agree with you your the EEOC charge was not verified entirely but with reference to the depositions. Well your honor we would argue that there's an independent duty of the district court to review the record. Yeah I have been a district court judge and the district court judge does not pull out the depositions and go through them and say well let's see what the plaintiff's attorney missed if there is information in the depositions that is relevant you've got a point to judge to it. No I understood your honor the one second your honors for example your honor in the moving defendants statement of undisputed facts they are they which we admit they point to a lot of the record so I guess our argument would be there before the court. Well in arguing against summary judgment it is your burden as the non-moving party to point to facts of record which create material issues of fact and the way you do that is by pointing out the facts that the plaintiff has not the plaintiff that the movement has asserted and say these are disputed issues of fact because of referred to deposition such and such a page refer to answers to No your honor but the moving the facts are almost entirely uncontested in this case. Well in fact the argument on summary judgment was just a legal one she said that there was no further retaliation claim that there was no temporal proximity that was that that was the gravamen of the argument. And you said there was temporal proximity? Yes but it's not a factual dispute it's a it's a legal determination. Okay The Yes, please your honor if I could have some time to walk May I please the court at least parole on behalf of our police I think from your conversation with mr. Weisberg Bottom line here is that the only claim left is is plaintiff Russell's title 7 retaliation claim It has three elements protected activity. We're not contesting that Adversely point the district court to were in the record The the testimony was there that would raise a disputed fact And be surprised if you pointed the court to those things that could destroy your defense, but perhaps you did no no No, we didn't judge McKee. I mean I What we did was we pointed to? There were a number of claims. We pointed to the at least with respect to this claim that That plaintiff had not met her burden to show a title 7 retaliation claim Primarily on the question of the causal link causation Ms. Russell was indeed dismissed. I mean she did suffer an adverse employment action she was she was Denied benefits if she can show that causal link, then she has a retaliation claim, but she didn't do that at the district court and Respectfully plaintiff doesn't do so now The time frame here is that She She initially filed for benefits in September of 2008 September 4th 2008 then At some point in time Let's let's let's let's do the dates that are set in the record September 4th 2008 she files for benefits She's she falls for two kinds of benefits the one that's it That's an issue here is called IOD or heart and lung benefits temporary disability benefits She felt that September 4th 2008 She files her second EEOC complaint, it's February 23rd 2009 At some point after that It's not established in the record. The only place it's in the record is in her EEOC Documents which also reference a disciplinary hearing in March of 2009 at some point after that Captain Singleton testifies at some form of hearing that is an IOD hearing now when that happens it's Probably not necessarily because these benefits, you know, it could be before she was dismissed on July Yeah, it's not in the record. That's correct. So that's number one. We don't have the timing here It's not in the record. The second is that the EEOC Determination letter makes two conclusions. The first is that Captain Singleton's testimony was false. And the second is that it made a difference in the hearing First of all at pages 671 to 673 of the record She testifies miss Russell testifies that she did not report the she not report her injury until September and She had her injury when she was detailed to another district She was assigned to the 19th district the injury occurred when she was assigned to the 16th district So in terms of him saying I this wasn't reported to me it wasn't reported to him until September second the idea that this so It's not established. There's not a question material fact that this is false. In fact, it's established that that's what she did The second is that it made a difference We don't have anything in this We don't have anything in the record respectfully in the depositions or otherwise That shows that McCaptain Singleton's testimony made a difference in terms of the denial of benefits to miss Russell All we have is a statement in the determination letter. It's cited in the district court. It's cited again here that It was reasonable to assume that it made a difference and assumption isn't enough on summary judgment. There isn't a retaliation Yeah, yes Yeah, unless there's yeah, exactly So, I mean I can go through I can go through the summary judgment submission by plaintiff, but basically as to Captain Singleton, there's only two So, you know the bottom line here is there there wasn't there isn't a question material fact For the title 7 retaliation claim there wasn't one before the district court for all the reasons you've discussed with. Mr. Weisberg. There isn't one now and Particularly vis-a-vis Captain Singleton, there are only two factual vermin that are supported by the deposition All the other ones are only an EEOC complaint or the EEOC determination. That's Him asking miss Russell if she was married That's in the deposition and asking her if she were quote-unquote fixed Whatever that means that's also in the deposition and that's it Otherwise at the other sites to the deposition have to do with her time in the 23rd district Which is back in 2004 her time with narcotic strike force 2005 to 2007 basically all things that Well that preceded her time with in the 19th district with Captain Singleton they're just and And they don't pertain to the title 7 retaliation claim The district court mentioned yeah Correct correct So, I mean if the court has other questions, I'll answer them but really what we what we have here is One claim that's not supported by the record before the district court. It's not supported now. I Can if you have any more concerns I can try to address them We Don't know at least not from this record. It's that the transcript I Noticed there was a statement in and miss Russell's reply brief that the transcript was in the district court record It's not there were 30 exhibits in the district court record and the heart and lung transcript is not one of them There's anything further We ask you to affirm the district court If The panel finds that a Appellate's counsel did not Properly cite to the record in response to the motion for summary judgment and the record itself as propounded by the motion for summary judgment Does not evidence that does evidence Factual Facts that would intend to motion for summary judgment as a matter of law as judgment. He said we're done But And I don't disagree that the district court does not have to scour the record I will say that this was with the submission of the record. It was kind of strange but I'm here for any questions by the panel Okay, thank you